IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION


RANDA HARRIS,                          :

       Plaintiff,               : Case No. 3:09cv092

  vs.                                 : JUDGE WALTER HERBERT RICE

COMMISSIONER OF SOCIAL SECURITY,       :

       Defendant.              :

---

DECISION AND ENTRY REJECTING REPORT AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE (DOC. #13) IN THEIR ENTIRETY; PLAINTIFF'S OBJECTIONS TO SAID JUDICIAL FILING (DOC. #14) SUSTAINED; JUDGMENT TO BE ENTERED IN FAVOR OF PLAINTIFF AND AGAINST DEFENDANT COMMISSIONER, REVERSING AND VACATING COMMISSIONER'S DECISION THAT PLAINTIFF WAS NOT DISABLED AND, THEREFORE, NOT ENTITLED TO BENEFITS UNDER THE SOCIAL SECURITY ACT, AND REMANDING THE CAPTIONED CAUSE TO THE COMMISSIONER, PURSUANT TO SENTENCE FOUR OF 42 U.S.C. § 405(g), FOR FURTHER ADMINISTRATIVE PROCEEDINGS; TERMINATION ENTRY

---

    Plaintiff has brought this action pursuant to 42 U.S.C. § 405(g) to review a decision of the Defendant Commissioner denying Plaintiff's application for Social Security disability benefits. On January 26, 2010, the United States Magistrate Judge filed a Report and Recommendations (Doc. #13), recommending that the Commissioner's decision that Plaintiff was not disabled and, therefore, not entitled to benefits under the Social Security Act be affirmed. Based upon reasoning and

citations of authority set forth in the Plaintiff's Objections to said judicial filing (Doc. #14), as well as upon a thorough de novo review of this Court's file, including the Administrative Transcript (filed with Defendant's Answer at Doc. #5), and a thorough review of the applicable law, this Court rejects the aforesaid Report and Recommendations in their entirety and, in so doing, orders the entry of judgment in favor of the Plaintiff and against the Defendant Commissioner, concluding that the Commissioner's decision that Plaintiff was not disabled and, therefore, not entitled to benefits under the Social Security Act was not supported by substantial evidence, reversing and vacating the Commissioner's decision of non-disability, and remanding the captioned cause to the Defendant Commissioner, pursuant to Sentence Four of 42 U.S.C. § 405(g), for further administrative proceedings. The Plaintiff's Objections to said judicial filing (Doc. #14) are sustained.

In reviewing the Commissioner's decision, the Magistrate's task is to determine if that decision is supported by "substantial evidence." 42 U.S.C. § 405(g). Under 28 U.S.C. § 636(b)(1)©, this Court, upon objections being made to the Magistrate Judge's Report and Recommendations, is required to make a de novo review of those recommendations of the report to which objection is made. This de novo review, in turn, requires this Court to re-examine all the relevant evidence, previously reviewed by the Magistrate, to determine whether the findings of the Secretary [now Commissioner] are supported by "substantial evidence." Lashley v. Secretary of Health and Human Services, 708 F.2d 1048, 1053 (6th Cir. 1983);

Gibson v. Secretary of Health, Education and Welfare, 678 F.2d 653, 654 (6th Cir. 1982). This Court's sole function is to determine whether the record as a whole contains substantial evidence to support the Commissioner's decision. The Commissioner's findings must be affirmed if they are supported by "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971), citing Consolidated Edison Company v. NLRB, 305 U.S. 197, 229 (1938); Landsaw v. Secretary of Health and Human Services, 803 F.2d 211, 213 (6th Cir. 1986). Substantial evidence means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. Richardson, supra, at 401; Ellis v. Schweicker, 739 F.2d 245, 248 (6th Cir. 1984). Substantial evidence is more than a mere scintilla, but only so much as would be required to prevent a directed verdict (now judgment as a matter of law) against the Commissioner if this case were being tried to a jury. Foster v. Bowen, 853 F.2d 483, 486 (6th Cir. 1988); NLRB v. Columbian Enameling and Stamping Company, 306 U.S. 292, 300 (1939). To be substantial, the evidence "must do more than create a suspicion of the existence of the fact to be established… [I]t must be enough to justify, if the trial were to a jury, a refusal to direct a verdict when the conclusion sought to be drawn from it is one of fact for the jury." LeMaster v. Secretary of Health and Human Services, 802 F.2d 839, 840 (6th Cir. 1986), quoting NLRB v. Columbian Enameling and Stamping Company, supra.

In determining whether the Commissioner's findings are supported by substantial evidence, the Court must consider the record as a whole. Hephner v. Mathews, 574 F.2d 359 (6th Cir. 1978); Ellis, supra; Kirk v. Secretary of Health and Human Services, 667 F.2d 524, 536 (6th Cir. 1981); Houston v. Secretary of Health and Human Services, 736 F.2d 365 (6th Cir. 1984); Garner v. Heckler, 745 F.2d 383 (6th Cir. 1984). However, the Court may not try the case de novo, resolve conflicts in evidence or decide questions of credibility. Garner, supra. The findings of the Commissioner of Social Security and proceedings on Claimant's application for social security disability benefits are not subject to reversal merely because there exists in the record substantial evidence to support a different conclusion. Buxton v. Halter, Commissioner of Social Security, 246 F.3d 762 (6th Cir. 2001). If the Commissioner's decision is supported by substantial evidence, it must be affirmed, even if the Court as a trier of fact would have arrived at a different conclusion. Elkins v. Secretary of Health and Human Services, 658 F.2d 437, 439 (6th Cir. 1981).

In addition to the foregoing, in ruling as aforesaid, this Court makes the following, non-exclusive, observations:

1. A review of the entirety of the record convinces this Court that the Administrative Law Judge improperly discounted the opinions of Plaintiff's treating psychiatrist, Dr. Singh, upon the basis that his answers to interrogatories were

inconsistent with his progress notes showing "mostly normal findings and no evidence of any severe psychological symptoms." Indeed, that doctor noted Plaintiff's severe mood swings, poor concentration, insomnia, poor coping mechanisms for stress, frustration, anxiety and episodes of anger. Tr. 378. He noted that Plaintiff's mood lability affected her short-term memory. These findings, which are hardly normal, support his conclusion, a conclusion echoed by Dr. Flexman, that Plaintiff had "poor to no ability to: relate to co-workers; deal with the public; interact with supervisors; deal with work stresses, function independently, maintain attention/concentration; understand, remember, or carry out even simple job instructions; or behave in an emotionally stable manner. He felt Plaintiff had only fair ability to follow work rules, use judgment, maintain personal appearance or demonstrate reliability. The Administrative Law Judge, while adopting the opinions of Dr. Singh and Dr. Flexman, to the effect that she had poor or no ability to deal with the public, completely ignored the opinions of those mental health professionals that she was also possessed of "poor to no ability" to interact with supervisors and relate to co-workers. While it is one thing to shield someone from the public, it is quite another to isolate her from having any interaction with co-workers or supervisors. In short, the Administrative Law Judge erred in "cherry picking" those aspects of the opinions of Drs. Singh (or those of his employer, Advanced Therapeutic Services, Inc.), and Flexman in his finding of Plaintiff's

residual functional capacity.  At the very least, Dr. Singh's opinion, if not entitled to controlling weight, was entitled to significant such.

2. The Administrative Law Judge failed to give reasons for rejecting the opinion of treating physician, Dr. Ugochukwu Nwokoro, her treating physician for a two-year period of time, that Plaintiff could not sustain even a limited range of light work for more than five hours.  "A failure to follow the procedural requirement of identifying the reasons for discounting the opinions [a treating physician] and for explaining precisely how those reasons affect the weight accorded the opinions denotes a lack of substantial evidence, even where the conclusion of the Administrative Law Judge may be justified based on the record."  Rogers v. Commissioner of Social Security, 486 F.3d 234, at 243, (6th Cir. 2007).  Essentially, the Administrative Law Judge took one comment, in isolation, from two years of progress notes by Dr. Ugochukwu Nwokoro to support the Administrative Law Judge's decision of non-disability.

WHEREFORE, based upon the aforesaid, this Court rejects the Report and Recommendations of the United States Magistrate Judge (Doc. #13) in their entirety, having concluded that the Commissioner's decision that Plaintiff was not disabled and, therefore, not entitled to benefits under the Social Security Act was not supported by substantial evidence.  Plaintiff's Objections to said judicial filing (Doc. #14) are overruled.  Judgment will be ordered entered in favor of the Plaintiff

and against the Defendant Commissioner, reversing and vacating the decision of the Defendant Commissioner that Plaintiff was not disabled and, therefore, not entitled to benefits under the Social Security Act, and remanding the captioned cause to the Defendant Commissioner, pursuant to Sentence Four of 42 U.S.C. § 405(g), for further administrative proceedings consistent with this opinion, to wit: to properly evaluate medical source opinions of Drs. Singh and Nwokoro and, based upon a consideration of the record as a whole, determine whether Plaintiff was disabled, within the meaning of the Social Security Act, for the closed period from December 31, 1990 through April 2, 2006.

The captioned cause is hereby ordered terminated upon the docket records of the United States District Court for the Southern District of Ohio, Western Division, at Dayton.

March 29, 2010

    /s/ Walter Herbert Rice
    WALTER HERBERT RICE, JUDGE
    UNITED STATES DISTRICT COURT

Copies to:

Gary M. Blumenthal, Esq.
John J. Stark, Esq.
Kim Soo Miller, Esq.