IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

RANDA HARRIS,                                :

      Plaintiff,                              :

                                            Case No. 3:09cv092

vs.                                           :

                                           JUDGE WALTER HERBERT RICE

COMMISSIONER OF SOCIAL          :
SECURITY,                                  :

      Defendant.                            :

---

DECISION AND ENTRY SUSTAINING IN PART AND OVERRULING IN PART PLAINTIFF'S UNOPPOSED MOTION FOR AN AWARD OF ATTORNEY'S FEES UNDER THE EQUAL ACCESS TO JUSTICE ACT (DOC. #17); JUDGMENT TO ENTER ACCORDINGLY

---

The Plaintiff brought this lawsuit under 42 U.S.C. § 405(g), seeking review of the Defendant's final decision to deny her an award of Supplemental Security Income and Widow's Insurance Disability Benefits, before April 3, 2006.[1] The Plaintiff alleged that she had been disabled since December 31, 1990, as a result of back and neck pain, anxiety and depression. The Court referred this matter to United States Magistrate Judge Sharon Ovington for a Report and Recommendations. That judicial officer recommended that this Court affirm the

---

[1] The Administrative Law Judge, to whom Plaintiff's application for benefits was assigned, found that she was disabled on April 3, 2006, but not before that date.

Defendant's decision to deny Plaintiff benefits, before April 3, 2006. <u>See</u> Doc. #13. The Plaintiff objected to the Report and Recommendations, arguing that this Court should reverse the denial of benefits and remand for further proceedings, in accordance with the fourth sentence of § 405(g). <u>See</u> Doc. #14. This Court sustained Plaintiff's Objections, and, thus, rejected the Magistrate Judge's Report and Recommendations. <u>See</u> Doc. #15. Judgment was entered thereon. <u>See</u> Doc. #16.

This case is now before the Court on the Plaintiff's request for an award of attorney's fees under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412. <u>See</u> Doc. #17. In particular, Plaintiff seeks an award of $3,759.43 as attorney's fees, representing 22.1 hours expended by her counsel to be compensated at the hourly rate of $170.11. Plaintiff asserts that she is entitled to such an award, since she was the prevailing party in this litigation and because the Defendant's position was not substantially justified. The Defendant has not filed a memorandum opposing Plaintiff's request for attorney's fees under the EAJA. The Court begins its analysis by setting forth the standards it must apply whenever it rules upon a request for attorney's fees under the EAJA.

In pertinent part, the EAJA provides:

> Except as otherwise specifically provided by statute, a court shall award to a prevailing party other than the United States fees and other expenses ... incurred by that party in any civil action (other than cases sounding in tort), including proceedings for judicial review of agency action, brought by or against the United States in any court having jurisdiction of that action, unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.

28 U.S.C. § 2412(d)(1)(A). In Delta Engineering v. United States, 41 F.3d 259 (6th Cir. 1994), the Sixth Circuit discussed the requirements for an award under the EAJA:

> Under the EAJA, three criteria must be met before an award of attorneys' fees and costs is granted: (1) the fees must be incurred in a civil action brought against the government; (2) the party seeking fees must have been the prevailing party; and (3) the position of the government must not have been substantially justified.

Id. at 261 (emphasis in the original). Herein, it cannot be questioned that the Plaintiff was the prevailing party in an action brought against the Government, given that this Court reversed the denial of benefits and remanded the matter for further proceedings, in accordance with the fourth sentence of § 405(g). See Shalala v. Schaefer, 509 U.S. 292, 300-01 (1993) (holding that applicant for social security disability benefits who obtains reversal and remand under the fourth sentence of § 405(g) is the prevailing party).

Normally, the central question in an EAJA application is whether the Government's position in the litigation was "substantially justified." The applicant for an award under the EAJA must allege in her petition that the position of the Government was not so justified. 28 U.S.C. § 2412(d)(1)(B). In Pierce v. Underwood, 487 U.S. 552 (1988), the Supreme Court said that "substantially justified" means "justified in substance or in the main--that is, justified to a degree that could satisfy a reasonable person." Id. at 565 (internal quotation marks omitted). The Pierce Court explained further that the Government's position would be "substantially justified" if it had a "reasonable basis in both law and fact." Id. (internal quotation marks omitted). See also, Jankovich v. Bowen, 868 F.2d 867,


869 (6th Cir. 1989).[2] The Government has the burden of demonstrating that its position was substantially justified. E.W. Grobbel Sons, Inc. v. National Labor Relations Board, 176 F.3d 875, 878 (6th Cir. 1999); United States v. Jones, 125 F.3d 1418, 1425 (11th Cir. 1997); Harmon v. United States Through Farmers Home Admin., 101 F.3d 574, 586 (8th Cir. 1996). In a judicial proceeding in which the denial of Social Security disability benefits is being challenged, the position of the Government is not substantially justified merely because the Magistrate Judge and/or District Court initially agrees with the denial. Howard v. Barnhart, 376 F.3d 551 (6th Cir. 2004). Moreover, the Government's position is not substantially justified in such a dispute, when it defends a denial of benefits which was based upon a selective view of the evidence. Id. Whether the Government's position is so justified is to be determined from the record before the court and that which was before the administrative agency. See 28 U.S.C. § 2412(d)(1)(B).

Herein, given that the Defendant has not even argued that his position was substantially justified, this Court is compelled to conclude that the Defendant failed to meet his burden of demonstrating substantial justification. Accordingly, the Court turns to the question of whether the amount of compensation requested for attorney's fees is reasonable.

In Commissioner, I.N.S. v. Jean, 496 U.S. 154 (1990), the Supreme Court noted that, when a private litigant is entitled to an award of attorney's fees under

---

[2]Therein, the Sixth Circuit held that the Government's position to deny disability benefits may be substantially justified, even though the District Court subsequently determined that said decision was not supported by substantial evidence. 868 F.2d at 869-70. Therefore, this Court's reversal of the Defendant's decision to deny benefits does not, in and of itself, mean that the Government's position was without substantial justification.

the EAJA, "the district court's task of determining what fee is reasonable is essentially the same as that described in Hensley [v. Eckerhart, 461 U.S. 424 (1983) ])." Id. at 160.³ In Hensley, the Supreme Court held that a reasonable award of attorney's fees is to be computed by multiplying the number of hours reasonably expended by a reasonable hourly rate.⁴ 461 U.S. at 433. The party seeking an award of attorney's fees has the burden of proving that the number of hours for which compensation is sought were reasonably expended ant that the requested hourly rate is reasonable. Id. at 437. See also, Granzeier v. Middleton, 173 F.3d 568, 577 (6th Cir. 1999).

As indicted, Plaintiff seeks attorney's fees in the sum of $3,759.43, representing 22.1 hours expended to be compensated at the rate of $170.11 per hour. Given that he has not opposed Plaintiff's request for an award of fees, the Defendant has not challenged either the number of hours or the requested hourly rate. As a means of analysis, this Court initially considers the number of hours expended, before turning to the reasonable hourly rate.

With respect to the issue of the number of hours reasonably expended, the Hensley Court wrote:

> The district court also should exclude from this initial fee calculation hours that were not "reasonably expended." S.Rep. No. 94-1011, p. 6 (1976). Cases may be overstaffed, and the skill and experience of lawyers

---

³In Jean, the Supreme Court held that a party may recover attorney's fees for the time spent drafting a motion for fees under the EAJA.

⁴The Hensley Court also indicated that other considerations, such as the exceptional or limited nature of the relief obtained, permit a court to increase or to decrease the lodestar figure (i.e., product of reasonable hours and reasonable hourly rate). 461 U.S. at 434. Herein, the neither the Plaintiff nor the Defendant has suggested that the Court increase or decrease the lodestar figure.

> vary widely. Counsel for the prevailing party should make a good faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary, just as a lawyer in private practice ethically is obligated to exclude such hours from his fee submission. "In the private sector, 'billing judgment' is an important component in fee setting. It is no less important here. Hours that are not properly billed to one's <u>client</u> also are not properly billed to one's <u>adversary</u> pursuant to statutory authority." <u>Copeland v. Marshall</u>, 205 U.S. App. D.C. 390, 401, 641 F.2d 880, 891 (1980) (en banc) (emphasis in original).

461 U.S. at 434.

Examining the time records submitted by Plaintiff's counsel, this Court finds that the amount of time claimed for each discrete action by counsel is reasonable and there is no indication of a lack of billing judgment. On the contrary, requesting compensation for only 22.1 hours demonstrates that billing judgment was exercised and that counsel performed efficiently in this litigation.

As to the hourly rate, the EAJA caps the hourly rate at $125.00, unless the court determines that factors such as an increase in the cost of living warrant an increase in that rate. See 28 U.S.C. § 2412(d)(2)(A). Herein, Plaintiff's counsel contends that an increase in the cost of living justifies compensating him at the rate of $170.11 per hour. Counsel has failed to support that contention by documenting the increase in the cost of living. Moreover, it bears emphasis that the EAJA sets a cap, rather than a floor, for the hourly rate at which an attorney can be compensated. Herein, the Plaintiff has supplied neither evidence nor argument as to why her counsel should be compensated at the requested hourly rate of $170.11. Although this Court's long experience making fee awards causes it to find that $125.00 is a reasonable hourly rate for counsel, it cannot make the same finding with respect to $170.11 per hour, particularly in the absence of

- 7 -

evidence documenting the increase in the cost of living. Therefore, this Court will limit the hourly rate herein to $125.00.

Accordingly, the Court concludes that the Plaintiff is entitled to recover attorney's fees in the sum of $2,762.50 (22.1 hours expended to be compensated at the hourly rate of $125.00). Therefore, the Court sustains in part and overrules in part Plaintiff's unopposed Motion for Attorney's Fees under the Equal Access to Justice Act (Doc. #17). That motion is sustained to the extent that Plaintiff is awarded attorney's fees in the sum of $2,762.50, and is overruled to the extent that he requested a greater sum.

Judgment is to be entered in favor of Plaintiff and against Defendant, awarding the former attorney's fees in the sum of $2,762.50 under the EAJA.

September 30, 2010

                                              WALTER HERBERT RICE, JUDGE
                                              UNITED STATES DISTRICT COURT

Copies to:

Counsel of Record.